Approved: _____
KINGDAR PRUSSIEN
Assistant United States Attorney

Before:   THE HONORABLE JUDITH C. McCARTHY
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - X   22mj7252

UNITED STATES OF AMERICA           :   **SEALED COMPLAINT**

          - v. -                   :   Violation of
                                       18 U.S.C. § 922(g)(1)
TAZOHN HARDEE,                     :
                                       COUNTY OF OFFENSE:
              Defendant.           :   WESTCHESTER

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      JOANNA BECK, being duly sworn, deposes and says that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

**COUNT ONE**
(Felon in Possession of a Firearm)

      1.  On or about July 2, 2022, in the Southern District of New York and elsewhere, TAZOHN HARDEE, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a black .40 caliber Hi-Point model JCP pistol with serial number X759768, which previously had been shipped and transported in interstate and foreign commerce.

      (Title 18, United States Code, Section 922(g)(1))

      The bases for my knowledge and the foregoing charge are, in part, as follows:

      2.  I am a Special Agent with the ATF and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, conversations with law enforcement agents and others, as well as my examination of surveillance

video footage, recorded calls, reports, and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and videos and recorded calls, and the actions, statements, and conversations of others, are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my review of a recorded 911 call, law enforcement reports, and surveillance video footage, and my involvement in this investigation, I have learned that on or about July 2, 2022, at approximately 4:12 p.m., Mount Vernon Police Department ("MVPD") officers responded to the area of a particular deli storefront on East Prospect Avenue (the "East Prospect Deli") in the City of Mount Vernon, New York, on a report of a man with a firearm. Upon arrival, MVPD officers were advised by their headquarters that a male with a bald head and a beard hid a firearm in the bushes across the street from the East Prospect Deli. MVPD officers canvased the bushes and located the firearm, wrapped in a green t-shirt, both inside a black plastic bag. An MVPD officer ("Officer-1") inspected the firearm and found it to be fully loaded with one round in the chamber, amounting to eleven rounds in total.

4. Based on my review of surveillance video footage taken on July 2, 2022, showing the inside of the East Prospect Deli, the street view in front of the East Prospect Deli, and the area across the street from the East Prospect Deli where the firearm was located, and my involvement in this investigation, I have learned the following in substance and in part:

a. On or about July 2, 2022, at approximately 2:34 p.m., an individual later identified as TAZOHN HARDEE, the defendant, is observed arriving at the East Prospect Deli, wearing a light-colored shirt, dark-colored shorts with red and light-colored vertical stripes, black socks, light-colored sneakers, light blue underwear sticking out of the shorts, and a bright red hat on his head; and holding what appears to be a black plastic bag (the "Black Bag"). By the way HARDEE handled the Black Bag, it appeared to have meaningful weight to it. Video footage further reveals that HARDEE is observed entering the East Prospect Deli and walking to the east side of the store to retrieve a beverage, and then proceeding to the register to pay for the beverage. HARDEE is then observed placing the Black Bag down on the floor near the register while he drinks some of the beverage and pays for it and what appear to be cigarettes,

2

and no other person is observed handling or otherwise touching the Black Bag during this time.

      b. Shortly thereafter, at approximately 2:43 p.m., HARDEE is observed exiting the East Prospect Deli with the Black Bag and immediately placing it down near the entryway of the East Prospect Deli. From approximately 2:43 p.m. to 3:56 p.m., HARDEE is observed fraternizing in the vicinity of the East Prospect Deli, speaking with local residents and occupants of vehicles who park their respective vehicles near the East Prospect Deli. During this time, HARDEE is observed picking up and placing the Black Bag down again, all the while maintaining custody of the bag. Also during this time, there is a brief period when HARDEE enters a vehicle with the Black Bag, and a period when he crosses the street with the Black Bag, each time causing HARDEE and the Black Bag to be out of video surveillance view.

      c. At approximately 3:56 p.m., HARDEE is observed picking up the Black Bag from the entryway of the East Prospect Deli and walking across the street. HARDEE is briefly out of video surveillance view while he crosses the street.

      d. Moments later, at approximately 3:57 p.m., HARDEE is observed walking across the street from the East Prospect Deli, walking up to a set of low bushes, and with his left hand placing the Black Bag underneath the bushes. HARDEE is then observed walking away from the bushes, which remain undisturbed until MVPD officers are seen arriving on the scene at approximately 4:09 p.m.

      e. At approximately 4:16 p.m., MVPD officers are observed finding the Black Bag and the items therein.

    5. Based on my review of law enforcement reports, my conversations with law enforcement agents, and my involvement in this investigation, I have learned the following in substance and in part:

      a. TAZOHN HARDEE, the defendant, is known to, and was identified by, an MVPD officer ("Officer-2"). Officer-2 knows HARDEE from prior interactions on a previous case where HARDEE was a victim of a non-fatal shooting. Officer-2 identified HARDEE on the aforementioned video surveillance footage from July 2, 2022.

      b. HARDEE is known to, and was identified by, his former New York State Parole Officer (the "P.O."). The P.O.

knows HARDEE from supervising him for approximately 18 months, from on or about September 25, 2018 to on or about March 3, 2020. The P.O. identified HARDEE on the aforementioned video surveillance footage from July 2, 2022.

6. Based on my review of a criminal history report and records pertaining to TAZOHN HARDEE, the defendant, and my involvement in this investigation, I have learned, among other things, that on or about June 5, 2012, HARDEE was convicted upon a plea of guilty in Westchester County Court of Robbery in the Second Degree, in violation of New York Penal Law, Section 160.10, and sentenced to 7 years' imprisonment and a term of post-release supervision of 5 years.

7. Based on conversations with a firearms expert with ATF, who has reviewed information about the firearm, including a description of the firearm, the firearm's manufacturer, and the firearm's serial number, I have learned that the black .40 caliber Hi-Point model JCP pistol with serial number X759768 was not manufactured in New York state.

WHEREFORE, deponent respectfully requests TAZOHN HARDEE, the defendant, be imprisoned or bailed, as the case may be.

_____
JOANNA BECK
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives


Sworn to before me this
6th day of September, 2022.


_____
THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4